**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN WHITE, | 2:07-cr-00091-ECR-PAL |
| | 2:11-cv-02123-ECR-PAL |
| Petitioner, | |
| vs. | **Order** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On September 30, 2011, Defendant filed a letter (##45, 64) which the Court treated as a motion for discretionary relief pursuant to 18 U.S.C. § 3582(c)(2) and as a petition brought under 28 U.S.C. § 2255. The petition (##45, 64) was treated as seeking relief in light of the changes in crack cocaine laws and guidelines. The Court appointed (#51) attorney Todd Leventhal to represent Defendant and to file a report with the Court indicating whether Defendant was eligible for relief under the changed law and guidelines.

On November 23, 2011, the Court relieved (#59) attorney Leventhal of his appointment after receiving a report (#57) that Defendant is not eligible for relief because his sentence was based on the career offender Sentencing Guidelines rather than the crack cocaine Sentencing Guidelines. The Court also ordered that Defendant may file any additional points and authorities pro se to

support his petition (##45, 64). The government was granted twenty-one (21) days within which to respond to any such points and authorities. No further briefing was allowed.

Following the entry of our Order (#59), Defendant has filed four additional letters or replies (##60-63). The government has not filed any additional points and authorities. However, Defendant's filings do not set forth any basis upon which his petition (##45, 64) may be granted. Defendant was sentenced as a career offender under United States Sentencing Guidelines § 4B1.1. On November 1, 2007, the U.S. Sentencing Commission promulgated Amendment 706 to U.S. Sentencing Guidelines Manual § 2D1.1's crack cocaine Sentencing Guidelines. 18 U.S.C. § 3582(c)(2) allows the modification of a term of imprisonment if "(1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2)'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009). The Ninth Circuit held that "a career offender sentenced pursuant to § 4B1.1 is not eligible for a sentence reduction under Amendment 706." Id. at 731.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's petition (##45, 64) is **DENIED**.

The Clerk shall enter judgment accordingly.

DATED: March 7, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

2